INDIANA LUMBERMENS MUTUAL INSURANCE CO. *v.*
STATESMAN INSURANCE CO.

[No. 273S15. Filed February 1, 1973.]

*Samuel A. Fuller, Stewart, Irwin, Gilliom, Fuller & Meyer,*
of Indianapolis, for appellant.

*Arthur F. Sullivan, David F. McNamar, Steers, Klee, Sullivan & LeMay,* of Indianapolis, for appellee.

HUNTER, J.—This case is before this Court on a Petition
to Transfer from the Appellate Court. It is an action between
Indiana Lumbermens Mutual Insurance Company (Lumbermens) and Statesman Insurance Company (Statesman) the
petitioner, arising out of a subrogation claim from a settlement by Lumbermens of a negligence claim.

The facts are as follows:

Jack Walker, an employee of the Imperial Water Conditioning Company was delivering a water softener to the home of Mr. and Mrs. Soots. While transporting the softener down the basement stairs of the Soots home, the stairs collapsed and Walker was seriously injured. The sole and proximate cause of the accident was the negligent maintenance of the stairway. There was never any contention that Walker was negligent in the unloading of the water softener.

Lumbermens insured the Soots. After Walker sued, Lumbermens settled with Walker for his injuries and paid him $17,000.00. Lumbermens then instituted the present action against Statesman which had a liability insurance policy on the truck which Walker drove to the premises. Lumbermens' theory was that the "loading and unloading" clause and the so-called "omnibus" clause of the truck liability policy afforded coverage to Soots, the homeowners. First of all, the policy provides that "use" of the vehicle includes the "loading and unloading thereof." Lumbermens contends that the homeowners were users of truck by virtue of their cooperating with the driver in the loading and unloading process. Lumbermens then contends that the Soots would become insureds under the omnibus clause[1] of Statesman's truck liability policy which insures all users. The theory is that by cooperating in the unloading process the homeowners became "users" and therefore insureds.

Statesman filed a Motion for Summary Judgment in the Hancock Circuit Court. Judge George B. Davis granted the motion and entered findings. On appeal, the Appellate Court of Indiana reversed. See 274 N. E. 2d 419. Transfer was sought to the Supreme Court of Indiana and we granted

---

1. "III. Definition of Insured: The unqualified word 'insured' includes the named insured and also includes . . . (2) under coverages A and C, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured."

transfer. For the reasons hereinafter stated, the trial court's granting of summary judgment should have been affirmed.

The accident did not arise out of the use of the truck. As the trial court pointed out, the proximate cause of the accident was the negligent maintenance of the staircase. The Appellate Court case notes in quoting another case that we are not here dealing with proximate cause but with contract language. However, we are in fact in this instance not dealing with the two parties to the contract. The party claiming to be an insured in this case never paid a penny's premium to the insurer. We are therefore not in a situation where we must construe the contract language any certain way and can seek out the general intent of the contract from a neutral stance.

We are of the opinion that what was intended by the words in the contract, "arising out of the ownership, maintenance or use" of the truck as applied to unnamed insureds is synonymous to being *caused* by use of the truck (including the loading and unloading). Otherwise the insurance company becomes the insurer for every sort of accident by anyone to whom a delivery is made. We are in agreement with the trial court that the "efficient and predominating cause" of the accident must arise out of the use of the vehicle in order for an unnamed insured to be covered.

One authority in the field has stated:

"Before there is coverage under a policy extending to loading and unloading, there must be some connection between *the use of the insured vehicle and the injury,* and unless the court can determine that the loading or unloading of the vehicle was *an efficient and producing cause of the injury,* there is no right of indemnity for the accident. In other words, liability of an insurance company under the policy depends on the existence of a causal relationship between the loading or unloading and the injury, and if the injury was proximately due to the unloading, the insurance company is liable, *while if the accident had no connection with the loading or unloading there is no liability.*" (our emphasis) 8 Blashfield, Automobile Law & Practice, § 317.10 (1966).

There are cases on both sides of this issue but we agree with the New Jersey court when it states:

> ". . . the sounder result favored by most courts is that automobile liability insurance under a loading and unloading clause should not cover damages sustained as a result of negligent maintenance of the premises where the loading or unloading was carried out. The risk insured against should be limited to negligence in loading or unloading the automotive vehicle, including preliminary and subsequent measures proximate in time related to its loading or unloading." *Atlantic Mutual Insurance Co.* v. *Richards* (1968), 100 N. J. Super, 180, 185, 241 A. 2d 468, 471.

The New Jersey case is quite similar to the case at bar as is *General Accident Fire & Life Assurance Corp.* v. *Brown* (1962), 35 Ill. App. 2d 43, 181 N. E. 2d 191 which reached a similar result.

Since the efficient and predominating cause of the accident did not arise from the use of the truck, there can be no recovery based on the user clause and omnibus clause of the Statesman insurance policy. Lumbermens' action must therefore fail. The Appellate Court was erroneous in reversing the trial court's action granting Statesman summary judgment.

Since the accident did not arise out of the "use" of the truck, as hereinbefore discussed, there is no manner in which Lumbermens can maintain an action under the Statesman policy. In view of this holding we need not reach the other issues raised. We in no way intend by this opinion to imply either an affirmance or a rejection of any of the other points in the Appellate Court decision or raised in Statesman's Petition to Transfer. Upon these matters we form no opinion.

We grant the Petition to Transfer of Statesman Insurance Company. The Appellate Court decision is reversed and the trial court judgment granting summary judgment is reinstated.

Petition to Transfer granted.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., dissents with statement.

### DISSENTING STATEMENT

DeBruler, J.—I vote to reverse the summary judgment granted by the trial court for the reasons set forth in the opinion of the Appellate Court in this case, being *Indiana Lumbermens Mutual Insurance Co.* v. *Statesman Insurance Co.* (1971), 274 N. E. 2d 419.

NOTE.—Reported in 291 N. E. 2d 897.