**PECOS VALLEY COTTON OIL, INC., a New Mexico Corporation, and Cimarron Insurance Company, Plaintiffs-Appellants,**

**v.**

**FIREMAN'S FUND INSURANCE COMPANY, and National Surety Corporation, Defendants-Appellees.**

**No. 84–1933.**

United States Court of Appeals, Tenth Circuit.

Jan. 8, 1986.

Thomas L. Marek, of Marek & Yarbro, Carlsbad, N.M., for plaintiffs-appellants.

James H. Johansen, of Shaffer, Butt, Thornton & Baehr, Albuquerque, N.M., for defendants-appellees.

Before LOGAN, SETH, and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has de-

termined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

In this diversity case tried to the court, the district judge granted defendants' motion under Fed.R.Civ.P. 41(b) made at the close of plaintiff's evidence, holding that plaintiffs had shown no right to relief. Plaintiffs appealed; we affirm.

Plaintiffs are Pecos Valley Cotton Oil, Inc. and its general liability insurer, Cimarron Insurance Company. Defendants are the insurers of a tractor/trailer rig owned by William W. Taylor, III, an independent contractor who was injured on Pecos Valley's premises while he was delivering cottonseed to Pecos Valley. Taylor sued Pecos Valley for damages arising out of his injuries. This lawsuit is over which insurance company is obligated to defend Pecos Valley against Taylor's claim.

Taylor had driven his truck onto a ramp at Pecos Valley in order to transfer the cottonseed from his truck into a seed pit. A large iron door covered the seed pit. While Taylor was opening the back of his truck, the seed pit door, which was open at the time, fell on Taylor and injured him. The district court found that the door fell because of an improper weld, which is not challenged on appeal. In fact, Pecos Valley's local manager testified that an improper weld caused the accident.

In this action, Pecos Valley seeks a declaratory judgment that Taylor's insurance policy on the tractor/trailer, issued by Fireman's Fund Insurance Company, a subsidiary of National Surety Corporation, covers Pecos Valley pursuant to an omnibus coverage clause that extends coverage to anyone "using" the vehicle. The policy also includes a loading/unloading exclusion that precludes coverage for: "[b]odily injury or property damage resulting from the loading of property before it has been put in or on the covered auto or the unloading of property after it has been taken off or out of the covered auto."[1] R. I, 11. Pecos Valley contends that because it was actually in the process of unloading the tractor/trailer when the injury occurred, it is covered by Taylor's insurance policy and that defendants are obligated to defend Pecos Valley.

There have been many cases involving construction of loading/unloading clauses in automobile insurance policies. The difficult issue in most is whether the loading/unloading process had begun or whether the claimant was an authorized user of the vehicle. In this case, the trial court assumed that the unloading process had begun and that Pecos Valley was an authorized user of the tractor/trailer. Yet nearly all the cases require a causal connection between the loading/unloading and the accident.[2] It is on this basis that the district court denied relief, finding an insufficient causal connection between the unloading of the cottonseed and the accident. Some courts might disagree. *See, e.g., Unigard Mutual Insurance Co. v. State Farm Mutual Insurance Co.*, 466 F.2d 865, 867 (10th Cir.1972) (covered unloading activity not confined to actual use of vehicle under Oklahoma law); *Caribou Four Corners, Inc. v. Truck Insurance Exchange*, 443 F.2d 796, 801–02 (10th Cir.1971) (applying "but for" causation test under Utah law). Here, however, we must apply New Mexico law. The district court held that, under New Mexico law, Pecos Valley must show

1. By negative inference, and standard insurance policy interpretation, all other loading and unloading activity, within these two outside limits, remains covered under the general omnibus clause.

2. Insurance cases discuss this causal connection problem in two contexts. In the first, a causal connection may have been missing because the loading or unloading had either terminated or not yet begun. In the second, although the loading or unloading process had begun, the causal connection may have been missing because there was a separate or supervening cause. The instant case raises the causal connection problem in the second context.

that its use of the vehicle was the "efficient and predominating cause" of the accident in order to be entitled to coverage under the insurance contract, relying on *Southern California Petroleum Corp. v. Royal Indemnity Co.*, 70 N.M. 24, 369 P.2d 407 (1962).

In *Southern California* the Supreme Court of New Mexico indicated that "efficient and predominating cause" refers to a close causal relationship between the use of the vehicle and the accident; mere coincidence of the two events is insufficient. 369 P.2d at 411. It found no liability for an accident that occurred during the unloading of a cement truck to cement an oil well when the proximate cause of the accident was the negligence of the well owner or others.[3]

Courts requiring a direct causal relationship between the use of the vehicle and the accident in a "loading/unloading" case have not found the requisite relationship in situations similar to the instant case. *See, e.g., Kaufman v. Liberty Mutual Insurance Co.*, 264 F.2d 863, 868 (3d Cir.1959) (opening of cellar door set in sidewalk to facilitate delivery not directly connected to injury to pedestrian); *Indiana Lumberman's Mutual Insurance Co. v. Statesman Insurance Co.*, 260 Ind. 32, 291 N.E.2d 897, 899 (1973) (collapse of stairs during delivery was predominant cause of injury, not use of vehicle).

The district court found that Pecos Valley was not within the policy's coverage because the predominant cause of the accident was a faulty weld, not the unloading of the tractor/trailer. The district court applied the correct legal standard and its conclusion is fully supported by the evidence. Accordingly, we AFFIRM the decision of the district court.

---

**3.** Plaintiffs correctly observe that the causation discussion in *Southern California* was not necessary to the decision in that case. Absent a more conclusive decision, however, it is the best indication that we have on how New Mexico would determine this issue. *See Hardy Salt Co. v. Southern Pac. Transp. Co.*, 501 F.2d 1156, 1163 (10th Cir.) ("considered dicta" of state courts should be applied), *cert. denied,* 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974).