Virgil T. **SHARP** and Valerie Sharp,
**Plaintiffs–Appellants,**

v.

**INDIANA UNION MUTUAL INSURANCE COMPANY and Richard A. Leinenbach, Defendants–Appellees.**

No. 88A01–8711–CV–288.

Court of Appeals of Indiana,
First District.

July 28, 1988.
Rehearing Denied Sept. 21, 1988.

---

Richard G. Bolin, Ward, Bolin & Stein, New Albany, for plaintiffs-appellants.

Stephen J. Peters, Stewart & Irwin, Indianapolis, for defendant-appellee Indiana Union Mut. Ins. Co.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Virgil and Valerie Sharp appeal a final summary judgment declaring that Indiana Union Mutual Insurance Company, as the issuer of a homeowner's insurance policy obtained by Richard Leinenbach, was under no obligation to the Sharps as a result of the November 10, 1984, automobile accident involving the Sharps and Leinenbach. We affirm.

## FACTS

On the evening of November 10, 1984, approximately one and one-half (1½) miles east of Georgetown, Indiana, Richard Leinenbach's vehicle veered off State Road 64, came back onto the highway, then crossed the center line and struck Virgil Sharp's vehicle head-on causing severe injuries to Mr. Sharp. Prior to this incident, Leinenbach had consumed an unknown quantity of vodka mixed with soft drinks over a two-day period exclusively within the confines of his own home. Shortly after the collision, Leinenbach arrived at Humana Hospital University in Louisville, Kentucky. His blood alcohol reading was .301 by weight of alcohol in the blood.

In an underlying cause to the present action, the Sharps were awarded a total of $587,914.45 in damages; Mr. Sharp received $162,914.45 in compensatory damages, Mrs. Sharp received $25,000.00 for loss of consortium and services, and the Sharps received $200,000.00 in punitive damages. At the time this accident occurred, Leinenbach had a homeowner's insurance policy issued by Indiana Union Mutual Insurance Company. Pertinent parts of this policy will be reproduced throughout this opinion where appropriate.

## ISSUE

Did the trial court correctly determine that Sharp's injuries were not covered under the Indiana Union Mutual Insurance Company homeowner policy for the November 10, 1984, automobile collision as a matter of law where that policy contained an automobile exclusion clause?

## DISCUSSION AND DECISION

In reviewing the granting of a motion for summary judgment, the appellate court ap-

plies the same standard applicable in the trial court; summary judgment is proper only where no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. *Ayres v. Indian Heights Volunteer Fire Dep't, Inc.* (1986), Ind., 493 N.E.2d 1229, 1234; *First Sav. and Loan Ass'n v. Treaster* (1986), Ind.App., 490 N.E.2d 1149, 1151, *trans. denied.* As admitted by all parties to the present cause, no issue as to any material fact exists. Therefore, this court must determine whether the Indiana Union Mutual Insurance Company is entitled to judgment as a matter of law.

 Generally, insurance contract provisions are subject to the same rules of interpretation and construction as are other contract terms. *Anderson v. State Farm Mut. Auto. Ins. Co.* (1984), Ind.App., 471 N.E.2d 1170, 1172. A summary judgment based upon construction of a contract is a determination as a matter of law that the contract is not so ambiguous that resort must be made to extrinsic evidence in order to ascertain the contract's meaning. *Treaster*, 490 N.E.2d at 1152; *B and R Farm Serv., Inc. v. Farm Bureau Mut. Ins. Co.* (1985), Ind., 483 N.E.2d 1076, 1077. While some special rules for the construction of insurance contracts have been developed due to the disparity in bargaining power between insurers and insureds, if a contract is clear and unambiguous, the language of the contract must be given its plain meaning. *Allstate Ins. Co. v. Boles* (1985), Ind., 481 N.E.2d 1096, 1101. A contract will be found to be ambiguous only if reasonable persons upon reading the contract would differ as to the meaning of its terms. *Indiana–Kentucky Elec. Constr., Inc. v. Green* (1985), Ind.App., 476 N.E.2d 141, 145, *trans. denied.* In insurance policies an ambiguity is not established simply because controversy exists and one party asserts an interpretation contrary to that asserted by the opposing party. *Automobile Underwriters Inc. v. Hitch* (1976), 169 Ind.App. 453, 457, 349 N.E.2d 271, 275, *trans. denied.* The pertinent provisions of Leinenbach's homeowner's insurance policy with Indiana Union Mutual Insurance Company read as follows:

*"Coverage E–Personal Liability.* If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will:

a. Pay up to the limit of liability for the damages [for] which the insured is legally liable; and

b. Provide a defense at our expense by counsel of our choice ..."

*"Coverage F–Medical Payments to Others.* We will pay the necessary medical expenses incurred or medically ascertained within three (3) years from the date of an accident causing bodily injury.... As to others, this coverage applies only:

(b) To a person off the insured location, if the bodily injury: ... (2) Is caused by the activities of any insured."

"Section II–Exclusions

Coverage E–Personal Liability and Coverage F–Medical Payments to Others *do not apply* to bodily injury or property damage: (c) *arising out of the ownership, maintenance, use, loading or unloading of:* ... (2) *a motor vehicle, owned or operated by, or rented or loaned to any insured ..."* (emphasis added).

The meaning of the foregoing provisions is obvious. When read together these provisions clearly exclude coverage of Sharp's injuries resulting from the November 10, 1984, automobile collision. The policy exclusions unambiguously dictate that bodily injuries or property damage arising out of the use of a motor vehicle owned or operated by the insured, will not be covered under the homeowner's insurance policy. Therefore, if the efficient and predominant cause of Sharp's injuries arose from the use of Leinenbach's automobile, then Sharp's injuries are not covered by Leinenbach's homeowner's insurance. *See, Indiana Lumbermen's Mut. Ins. Co. v. Statesman Ins. Co.* (1973), 260 Ind. 32, 35, 291 N.E.2d 897, 899.

The appellants contend that while the use of a motorized vehicle caused Sharp's

injuries, such use was only a concurrent cause of those injuries. A separate cause of Sharp's injuries was Leinenbach's act of drinking to the point of intoxication while in his home. The appellants cite several out-of-state cases in support of the proposition that where two separate, independent acts of negligence combine to cause injury and one of those acts is excluded from coverage under an insurance policy, the policy will still cover the damage incurred if the other act of negligence is not excluded under the policy. *Waseca Mut. Ins. Co. v. Noska* (1983), Minn., 331 N.W.2d 917; *Lauver v. Boling* (1976), 71 Wis.2d 408, 238 N.W.2d 514; *Mutual Auto. Ins. Co. v. Partridge* (1973), 10 Cal.3d 94, 514 P.2d 123, 109 Cal.Rptr. 811.[1]

However, the appellants are mistaken in their assertion that in the present case Leinenbach's act of drinking alcohol to the point of intoxication was a separate and independent cause of Virgil Sharp's injuries. Assuming without deciding that Leinenbach's excessive consumption of alcohol while in the privacy of his own home constituted a negligent act, this act is insufficient to overcome the automobile exclusion clause in the case at bar. Leinenbach's consumption of alcohol prior to driving his automobile did not cause any injury which was independent of the use of his motor vehicle. It is only the act of driving an automobile while intoxicated that causes injuries or gives rise to an accident. *Cf. Hartford Fire Ins. Co. v. Superior Court* (1983), 142 Cal.App.3d 406, 191 Cal.Rptr. 37. Therefore, given the unambiguous language of Leinenbach's homeowner's insurance policy, liability for Sharp's injuries arising out of the November 10, 1984, automobile collision is excluded, and Indiana Mutual Insurance Company is entitled to judgment as a matter of law.

Affirmed.

NEAL and STATON, JJ., concur.

---

1. In our view the use of the motor vehicle in those cases was merely incidental and not the primary operative cause of the injury. Thus, those cases are inapposite.