**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant–Defendant and Counter–Claimant Below,**

v.

**Scott SPOTTEN, Appellee–Plaintiff and Counter–Defendant Below.**

**No. 45A03–9205–CV–138.**

Court of Appeals of Indiana, Third District.

March 16, 1993.

Rehearing Denied May 4, 1993.

Robert D. Brown, Spangler, Jennings & Dougherty, Merrillville, for appellant-defendant.

Kenneth L. Anderson, Highland, for appellee-plaintiff.

STATON, Judge.

Pursuant to Ind. Appellate Rule 4(B)(6), this court granted a Petition for Interlocutory Appeal to address the following question of law: whether State Farm was entitled to summary judgment because injuries sustained by a policyholder who was shot by a passenger in an uninsured vehicle did not "arise out of the operation, maintenance or use of the uninsured vehicle."

We conclude that State Farm was entitled to summary judgment.

On February 17, 1991, Scott Spotten was driving his pickup truck in an easterly direction on Sibley Boulevard in Hammond, Indiana. As he paused at a stoplight, Spotten observed a GEO Tracker in the right hand lane next to his vehicle. One of the passengers in the Tracker fired a shotgun into Spotten's truck, striking Spotten and causing severe injuries.

On August 21, 1991, Spotten filed a complaint for damages against the driver and passengers of the GEO Tracker. Additionally, Spotten filed a claim under a State Farm insurance policy which provided uninsured motor vehicle coverage on the following terms:

"We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle."

Record, p. 64.

State Farm moved to intervene in Spotten's action against the driver and passengers; the motion was granted by the trial court on October 2, 1991. Subsequently, State Farm filed a motion for summary judgment, alleging that Spotten's injuries did not arise out of the operation, maintenance or use of an uninsured motor vehicle. Spotten cross-petitioned for summary judgment. Both petitions were denied by the trial court on April 20, 1992. On May 6, 1992, the trial court granted State Farm's petition for certification of interlocutory appeal; the interlocutory appeal was accepted by this court on July 7, 1992.

The interpretation and construction of insurance policy provisions is a function for the courts. *State Security Ins. Co. v. Ottinger* (1985), Ind.App., 487 N.E.2d 446, 447. When interpreting an insurance policy, our goal is to ascertain the intent of the parties as manifested in the insurance contract. *American Family Mut. v. National Ins.* (1991), Ind.App., 577 N.E.2d 969, 971, *reh. denied.* We will not remove from coverage a risk which the policy can be reasonably construed to protect against. *Protective Ins. Co. v. Coca-Cola Bottling* (1984), Ind.App., 467 N.E.2d 786, *reh. denied, trans. denied.*

Where an ambiguity in the contract exists, the contract should be construed liberally in favor of the insured. *National Mut. Ins. Co. v. Eward* (1987), Ind.App., 517 N.E.2d 95, 100. However, a contract is not ambiguous merely because litigants advance two different interpretations of a clause. An insurance policy is ambiguous, allowing construction in favor of the insured, only if reasonable people could differ as to the meaning of the language used. *Id.*

Spotten urges this court to broadly construe the phrase "arising out of the opera-

tion, maintenance or use of an uninsured motor vehicle" in addressing this issue of first impression. He relies upon decisions of other jurisdictions which conclude that gunshot injuries sustained in a vehicular chase or altercation "arise from the operation, maintenance or use" of the motor vehicle involved.

See, generally: *Wausau Underwriters Ins. Co. v. Howser* (1992), 978 F.2d 1257 (only the use of the vehicle enabled the assailant to closely pursue the victim); *State Farm Mut. Auto Ins. Co. v. Davis* (9th Cir.1991), 937 F.2d 1415 (pursuant to California law, a shooting by insured while a passenger in his own insured vehicle was a "use" of the vehicle); *General Accident Ins. Co. of America v. Olivier* (1990), R.I., 574 A.2d 1240 (a sufficient nexus between the injury and vehicle was found by utilizing a "broad construction" of uninsured motorist coverage); *Continental Western Ins. Co. v. Klug* (Minn.1987), 415 N.W.2d 876 (the vehicle was an "active accessory" to the assault); *Ganiron v. Hawaii Ins. Guaranty Ass'n.* (1987), 69 Haw. 432, 744 P.2d 1210; *Fortune Ins. Co. v. Ferreiro* (Fla.App.1984), 458 So.2d 834 (the language "arising out of" is broader than proximate cause); *Government Employees Ins. Co. v. Novak* (1984), Fla., 453 So.2d 1116 (an insured victim of an auto theft and shooting was compensated under a broad construction of the clause "arising out of the use of a motor vehicle"); *Quarles v. State Farm Mut. Auto. Ins. Co.* (1988), Fla.App., 533 So.2d 809 (finding a "requisite causal connection" between vehicle use and the injury sustained by a pedestrian who was shot when the vehicle owner removed a shotgun from his truck and the gun discharged).

State Farm urges a narrow construction, citing in turn a number of decisions contradicting those relied upon by Spotten. See generally: *Coleman v. Sanford* (Miss. 1988), 521 So.2d 876 (use of the vehicle was "incidental"); *Curtis v. Birch* (1983), 114 Ill.App.3d 127, 69 Ill.Dec. 873, 448 N.E.2d 591 (the instrumentality was a handgun and the fact that the assailant was in a vehicle was "incidental"); *Florida Farm Bureau Ins. Co. v. Shaffer* (Fla.App.1980), 391 So.2d 216 (mere fact that the vehicle was the site of injury was insufficient to create a causal connection); *Nationwide Mutual Ins. Co. v. Knight* (1977), 34 N.C.App. 96, 237 S.E.2d 341, *cert. denied* (no causal relationship between the use of the vehicle and the injury); *Ford v. Monroe* (Mo.App.1977), 559 S.W.2d 759; *Kessler v. Amica Mut. Ins. Co.* (La.1991), 573 So.2d 476 (using a "common sense" approach, the fact that assailant was in a vehicle at the time of the assault was "incidental"); *Kish v. Central National Ins. Group* (1981), 21 O.O.3d 26, 67 Ohio St.2d 41, 424 N.E.2d 288 (finding the relevant inquiry to be "whether the chain of events was unbroken by the intervention of any event unrelated to the use of the vehicle"); *Sciascia v. American Ins. Co.* (1982), 183 N.J.Super. 352, 443 A.2d 1118 (finding no substantial connection between the insured's death and the use of the uninsured automobile).

Additionally, State Farm relies upon our supreme court's construction of the phrase "arising out of the ownership, maintenance or use of an automobile" appearing in an omnibus clause of a commercial truck liability policy. *Indiana Lumbermens Mut. Ins. Co. v. Statesman Ins. Co.* (1973), 260 Ind. 32, 291 N.E.2d 897. Accord: *Protective Ins. Co., supra.* The injury in *Lumbermens* occurred when the delivery truck driver, bearing a water softener, entered a house and descended basement stairs which gave way. The court observed that the injured person claiming to be an insured was not a party to the insurance contract and that the "general intent" of the contract could be determined from a "neutral stance." *Id.* 291 N.E.2d at 899. The court then stated:

"We are of the opinion that what was intended by the words in the contract, 'arising out of the ownership, maintenance or use' of the truck as applied to unnamed insureds is synonymous to being *caused* by the use of the truck (including the loading and unloading). Otherwise the insurance company becomes the insurer for every sort of accident by anyone to whom a delivery is made. We

are in agreement with the trial court that the 'efficient and predominating cause' of the accident must arise out of the use of the vehicle in order for an unnamed insured to be covered."

*Id.* (Emphasis in original.)

In *Protective, supra,* the appellate court concluded that a Coca–Cola employee exerting "passive" control over a vehicle was not "using" the vehicle according to the terms of the omnibus clause at issue. The court noted that the insurance contract contemplated an active use by one having a direct relationship with the vehicle. *Id.* at 788.

█ Here, the contemplation of the parties to the insurance contract is not expressed in ambiguous terms. The instant contract clearly limits collectible damages to those an insured is "legally entitled to collect from the *owner* or *driver* of an uninsured motor vehicle." Record, p. 64 (emphasis added). However, there was no evidence presented to the trial court as to the liability of the owner/driver. The reviewing court will not engage in speculation as to whether the driver intentionally aided the passenger, negligently permitted the passenger to enter the vehicle with a gun or had no knowledge whatsoever of the passenger's possession of the gun or intention to fire it.

Although Spotten urges a "broad construction" of the contract terms, we must give the provision at issue its plain meaning absent the existence of an ambiguity. *Eward, supra.* A random act of violence by a vehicle passenger—which may or may not have been perpetrated with the acquiescence of the driver/owner—is not a risk reasonably contemplated by the parties and expressed in the contract. Therefore, Spotten's injuries did not "arise from the operation, maintenance or use of an uninsured vehicle."

We reverse and direct the trial court to enter summary judgment in favor of State Farm.

HOFFMAN and RUCKER, JJ., concur.