**SHELTER MUTUAL INSURANCE COMPANY, Appellant (Third–Party Defendant),**

**v.**

**James BARRON, Kelly Amanda Karamanos, Albert Karamanos and Joyce Karamanos, Individually, and as Parents of Kelly Amanda Karamanos, Appellees (Defendants and Third–Party Plaintiff).**

No. 32A05–9202–CV–53.

Court of Appeals of Indiana, Fifth District.

June 23, 1993.

Transfer Denied Sept. 1, 1993.

**504**

Karen Meredith Love, Kendall, Wood, Lowry & Kessinger, Danville, Lawrence McTurnan, William K. Deer, McTurnan Meyer Cadwell & Deer, Indianapolis, for appellant.

Michael L. Coppes, Chilcote, Coppes & Kibbe, Indianapolis, for James Barron.

Richard A. Mann, Mann & Deeter, Indianapolis, for Kelly Amanda Karamanos, Albert Karamanos and Joyce Karamanos.

RUCKER, Judge.

James Barron carried a policy of homeowners insurance with Shelter Mutual Insurance Company (Shelter Mutual). Almost two years after Kelly Karamanos sued Barron for injuries sustained when

she fell from his truck, Barron contacted Shelter Mutual and advised it of the claim. Shelter Mutual denied coverage and Barron filed a third-party complaint for declaratory judgment. Shelter Mutual responded by filing a motion for summary judgment. The trial court denied the motion and Shelter Mutual now appeals raising the following rephrased issues:

1) Whether Karamanos' injuries arose out of the ownership, maintenance or use of Barron's vehicle and are therefore excluded from coverage under Shelter Mutual's insurance policy?

2) Whether Shelter Mutual is exempt from liability because Barron failed to provide prompt notification of Karamanos' fall and her suit for damages?

We affirm.

On July 20, 1988, Barron parked his pickup truck in front of a neighbor's home while he and several friends drank beer and socialized. Later that evening Karamanos climbed atop the hood of Barron's truck and the two began talking. During the course of their conversation Barron grabbed Karamanos by the ankles and pulled her off the hood of the truck. As a result, Karamanos fell to the ground sustaining injuries.

On April 19, 1989, Karamanos and her parents filed suit against Barron seeking damages for Karamanos' injuries. Barron then contacted Globe American Casualty Company (Globe), his auto insurer, and advised it of the incident and the resulting lawsuit. Barron did not notify Shelter Mutual, his homeowners insurer. In response to Barron's claim, Globe filed a complaint for declaratory judgment seeking a determination of whether it had any responsibility to provide coverage to Barron. In an order of summary judgment, the trial court determined Globe had no such responsibility.[1]

In June, 1990, while Globe's action was pending, Barron finally notified Shelter Mutual of the July 1988 incident and Karamanos' pending lawsuit. Barron requested Shelter Mutual to defend the action and to indemnify him for any liability which might result therefrom. Shelter Mutual denied the request. Barron then filed a third-party complaint for declaratory judgment seeking a determination of whether Shelter Mutual had any responsibility to provide him coverage. In response, Shelter Mutual filed a motion for summary judgment alleging that the incident involving Karamanos was excluded from its policy because it arose out of the "ownership, maintenance or use" of Barron's truck. Shelter Mutual also filed a second motion for summary judgment alleging Barron failed to provide prompt notice of the incident. The trial court denied both motions and this interlocutory appeal ensued.

When reviewing the propriety of a ruling on a motion for summary judgment, this court applies the same standard applicable to the trial court. *Houin v. Burger by Burger* (1992), Ind.App., 590 N.E.2d 593, *trans. denied.* We must consider the pleadings and evidence sanctioned by Ind.Trial Rule 56(C) without deciding their weight or credibility. Summary judgment should be granted only if such evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. *ITT Commercial Fin. Corp. v. Union Bank & Trust Co.* (1988), Ind.App., 528 N.E.2d 1149.

### I.

Shelter Mutual first claims it is entitled to summary judgment because Karamanos' injuries arose out of the ownership, maintenance or use of Barron's vehicle and are

---

1. Shelter Mutual also attempts to appeal the trial court's grant of summary judgment in favor of Globe, arguing Karamanos' injuries are covered under the medical payments provision of Globe's policy. We decline to address this contention in light of our prior determination that Shelter Mutual lacks standing to appeal that judgment. *Barron v. Globe American Casualty Co.* (March 16, 1992, Cause No. 32A01–9109–CV–00271) (order dismissing Shelter's appeal).

therefore excluded from coverage by the following provision in Shelter Mutual's insurance policy:

EXCLUSIONS

[W]e do not cover:

1. bodily injury or property damage arising out of the ownership, maintenance, use or entrustment of:

\*      \*      \*      \*      \*      \*

(b) any land motor vehicle, other than a recreational motor vehicle, owned or operated by or rented or loaned to an insured.

*Record* at 92. According to Shelter Mutual, an injury arises out of the ownership, maintenance or use of a motor vehicle if there exists any nexus between the vehicle and the injury sustained. In support, Shelter Mutual cites a number of cases from various jurisdictions holding injuries arise out of the use of a motor vehicle even where the relation between vehicle and injury is merely incidental. *See, e.g., Government Employees Ins. Co. v. Novak* (1984), Fla., 453 So.2d 1116; *National Am. Ins. Co. v. Insurance Co. of N. Am.* (1977), 74 Cal.App.3d 565, 140 Cal.Rptr. 828; *Wyoming Farm Bureau Mut. Ins. Co. v. State Farm Mut. Auto Ins. Co.* (10th Cir.1972) 467 F.2d 990.

■ Although respectful of decisions from other jurisdictions, this court is not bound by them. In this state a more narrow construction has been given to the phrase "arising out of the ownership, maintenance or use" of a vehicle than that suggested by Shelter Mutual and the cases it cites. In *Indiana Lumbermens Mut. Ins. Co. v. Statesman Ins. Co.* (1973), 260 Ind. 32, 291 N.E.2d 897, a deliveryman removed a water softener from his truck and was injured when he fell down the basement stairs of a home to which he was delivering the merchandise. Our supreme court determined that the injuries so sustained did not arise out of ownership, maintenance or use of the truck even though the policy by its terms defined "use" to include "loading and unloading." In reaching its decision the court held that an accident or injury arises out of the use of a motor vehicle only where such use is the "efficient and predominating cause" of the accident or injury. *Lumbermens* 291 N.E.2d at 899. *Accord Sharp v. Indiana Union Mut. Ins. Co.* (1988), Ind.App., 526 N.E.2d 237, *trans. denied,* citing *Lumbermens, supra.*

In like fashion, this court has also followed the more narrow construction of the phrase "arising out of the ownership, maintenance or use." In *State Farm Mut. Auto. Ins. Co. v. Spotten* (1993), Ind.App., 610 N.E.2d 299, Scott Spotten, who was insured under a State Farm Insurance policy, was driving his pickup truck when a GEO Tracker automobile pulled alongside, and a passenger fired a shotgun injuring Spotten. Although acknowledging contrary decisions from other jurisdictions, we rejected the argument that Spotten's drive-by shooting injuries arose out of the operation, maintenance or use of his vehicle.

■ Consistent with the foregoing authority we must conclude that the efficient and predominating cause of the accident in this case did not arise from the use of Barron's truck. Rather, Karamanos was injured when Barron pulled her from the hood and onto the ground. The truck was unoccupied and parked on the side of the street. At most, the truck was little more than a platform that was only incidentally related to the accident. Because Karamanos' injuries did not arise out of the use of Barron's truck, the trial court properly denied Shelter Mutual's motion for summary judgment on this issue.

## II.

Shelter Mutual next contends it is entitled to summary judgment because Barron failed to promptly notify Shelter Mutual regarding Karamanos' fall and the resulting lawsuit. The relevant provision of Shelter Mutual's policy dictates:

In the event of bodily injury or property damage, the insured must:

(a) notify us or our agent as soon as possible.

\*      \*      \*      \*      \*      \*

(b) send us promptly any legal papers received relating to any claim or suit.

*Record* at 93. According to Shelter Mutual, Barron's failure to provide notification until 13 months after the filing of Karamanos' lawsuit and 22 months after the incident was an unreasonable delay resulting in prejudice.

■ The duty to notify an insurance company of potential liability is a condition precedent to the company's liability to its insured. *Miller v. Dilts* (1984), Ind., 463 N.E.2d 257. The condition in an insurance policy that the insurer must be notified "as soon as possible" means notice within a reasonable time. *Miller*, 463 N.E.2d at 263, citing *London Guar. & Accident Co., Ltd. v. Siwy* (1904) 35 Ind.App. 340, 66 N.E. 481. When the facts of the case are not in dispute, what constitutes reasonable notice is a question of law for the court to decide. *Id.*

We have determined that delays shorter in duration than the delay in the present case were unreasonable. *See Allstate Ins. Co. v. Kepchar* (1992), Ind.App., 592 N.E.2d 694, *trans. denied* (notification of insurance company one year after entry of final judgment resulted in prejudice as a matter of law); *Milwaukee Guardian Ins., Inc. v. Reichhart* (1985), Ind.App., 479 N.E.2d 1340, *trans. denied* (eleven months between filing of the lawsuit and the insurance company's notification thereof was a delay resulting in prejudice as a matter of law). *See also Miller*, 463 N.E.2d 257 (court ordered summary judgment to be entered in favor of three insurance companies who received notice of the accidents giving rise to liability one month, six months, and seven months after their occurrence and who received notice of the resulting lawsuits as early as five days after the suits were filed).

■ We must conclude therefore that the 22–month delay from Karamanos' fall to Shelter Mutual's notification thereof is unreasonable as a matter of law and gives rise to a presumption of prejudice in favor of Shelter Mutual. However, our analysis does not end here. An insured's failure to give reasonable notice will not bar recovery under the policy unless the insurer suffers prejudice as a result of the delay. *Lump-*

*kins v. Grange Mut. Cos.* (1990), Ind.App., 553 N.E.2d 871. Although prejudice is presumed upon the showing of an unreasonable delay in notifying the company of the accident or the filing of the lawsuit, the presumption may be rebutted by evidence that prejudice did not actually occur. *Miller*, 463 N.E.2d at 265–66.

■ Here, in response to Shelter Mutual's motion for summary judgment, Barron submitted to the trial court two affidavits in support of his claim that no prejudice actually occurred. One was Barron's own affidavit and the other was an affidavit from Karamanos. Shelter Mutual counters the affidavits do not rebut the presumption because they contain inadmissible hearsay. Specifically, the affidavits detail Barron's assertion that two alleged eye witnesses said they still remember the events surrounding the occurrence. However, in addition to the hearsay statements, the affidavits contain assertions that both Barron and Karamanos remember the events surrounding the incident and are willing to cooperate in any investigation Shelter Mutual might wish to conduct. The affidavits also include the names and addresses of other witnesses who are available to cooperate in any Shelter Mutual investigation.

Barron presented sufficient evidence to rebut the presumption of prejudice in favor of Shelter Mutual. Therefore the trial court did not err in denying Shelter Mutual's motion for summary judgment.

Judgment affirmed.

BARTEAU and SULLIVAN, JJ., concur.