B & R FARM SERVICES, INC. and Edward Chosnek, as Trustee in Bankruptcy For B & R Farm Services, Inc., Appellants (Plaintiffs below),

v.

FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee (Defendant below).

No. 1085S408.

Supreme Court of Indiana.

Oct. 15, 1985.

Morris L. Klapper, Klapper & Isaac, Indianapolis, for appellants.

James W. Treacy, Treacy Cohen & Grossman, Indianapolis, Stephen L. Huddleston, Huddleston & Combs, Franklin, for appellee.

SHEPARD, Judge.

Appellants B & R Farm Services, Inc., (B & R) and Edward Chosnek, trustee in bankruptcy for B & R, sued Farm Bureau Mutual Insurance Company (Farm Bureau) on a contract of insurance. The trial court granted summary judgment for the defendant and denied a motion for partial summary judgment filed by plaintiffs. The Court of Appeals, 476 N.E.2d 538, affirmed the decision of the trial court, and appellants filed a Petition to Transfer.

We grant the Petition and reverse.

B & R has been engaged in manufacturing, selling, and applying liquid fertilizer products. On May 3, 1980, some of this product was accidentally released from a storage tank on B & R's premises and flushed into Big Creek in White County, Indiana. The Indiana Department of Natural Resources filed a claim against B & R for the value of fish killed in the creek as a result of the spill. The Department acted pursuant to Ind.Code § 14–2–6–7, which provides that a person who negligently discharges any substance into waters of the state such that animals are killed "shall be responsible for such kill and the director of

the department of natural resources shall recover in the name of the state damages from such person." The statute further authorizes the filing of *civil* actions to collect damages if that is necessary.

B & R sought reimbursement for this penalty, which totaled $40,778.43, under two policies issued by Farm Bureau, one a general liability policy and one an umbrella policy. Farm Bureau advised its insured that neither policy covered this loss and denied the claim. On December 21, 1982, B & R filed suit against Farm Bureau, alleging breach of contract and fraud. In its Petition to Transfer, B & R asserts that the trial court and the Court of Appeals erred in finding that a products hazard exclusion to the general liability insurance policy precluded coverage under this set of facts.

The products hazard provision of the policy in question excluded:

> bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from the premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others.

In order to render summary judgment, the trial court must find that there is no genuine issue of material fact. Where the case turns on a written document, the court must also find that the provisions of the document are unambiguous. *Interstate Auction v. Central National Insurance Group* (1983), Ind.App., 448 N.E.2d 1094. In this instance, the court was faced with counter motions for summary judgment in which both parties asserted that the policy was unambiguous. Appellee correctly points out in its brief that construction of a contract under such a situation is a judicial function.

We find that the policy provisions do not exclude as a matter of law the claim filed by B & R. The provisions exclude claims arising from the placement of defective goods into the stream of commerce by the insured. We think B & R's citations to cases involving claims which arose after the insured provided goods to a customer are apt. *See Indiana Insurance Company v. DeZutti* (1980), Ind., 408 N.E.2d 1275, and *Aetna Insurance Company v. Monteith Tire Company, Inc.* (1983), Ind.App., 443 N.E.2d 880.

The product hazard exclusion here exempts damages which have occurred "after physical possession of such products has been relinquished to others." We deem the act of relinquishment to be one which necessarily involves volition, not something which occurs accidentally or involuntarily.

The claims in this case have nothing to do with any defect in a product. They arose because of negligent release of the product from the premises. Product liability clauses are designed to cover situations such as the asphyxiation of a car's passengers by a defective exhaust system; premises liability coverage is designed to cover the pedestrian who is injured if a car rolls out the factory door due to some negligent act of an employee.

Having determined that summary judgment could not be granted to appellee Farm Bureau, we turn to consider the relief which should be granted. Our rules favor final disposition on appeal under certain circumstances. Indiana Rule of Appellate Procedure 15(N) provides in pertinent part:

> The court shall direct final judgment to be entered or shall order the error corrected without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper....

This rule has been interpreted by commentators as indicating that a court of review should direct a final judgment with respect to a pure question of law or a mixed question of law and fact, but should refer cases involving resolution of disputed material facts back to the trial court for a hearing on the evidence. 4A Bagni, Giddings, and Stroud, Indiana Practice § 130 (1979). Cited with favor, *State v. Kokomo*

*Tube Company* (1981), Ind.App., 426 N.E.2d 1338. In the case at bar, both parties asserted in the trial court that there were not any material questions of fact involved, and that the remaining question was one of law. We find this essentially to be so and have concluded that a resolution of the contract construction question presented is thus appropriate under the Appellate Rules.

Accordingly, the appellants' Petition to Transfer is granted. The judgment of the Court of Appeals is vacated. This matter is remanded to the trial court, which is instructed to vacate the summary judgment previously entered for Farm Bureau, to issue partial summary judgment for B & R on the question of coverage under the general liability policy, and to conduct such further proceedings as are necessary in accordance with this opinion.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.