723 So.2d 285 (1998)
SOUTHERN ADJUSTMENT SERVICES, INC., Appellant,
v.
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Appellee.
No. 97-1958.
District Court of Appeal of Florida, Fourth District.
October 7, 1998.
Rehearing Denied February 3, 1999.
Jerry B. Schreiber of Law Offices of Jerry B. Schreiber, C.A., Miami, for appellant.
Kimberly L. Boldt of Russo, Wells & Associates, P. A., Miami, for appellee.
POLEN, Judge.
Southern Adjustment Services, Inc. ("Southern"), a repossessor of automobiles, *286 appeals from a final summary judgment order in favor of its insurer American Bankers Insurance Company of Florida ("American Bankers"), in this declaratory relief action. Southern, which was insured by American Bankers under a commercial general liability policy, was sued by a third party who claimed to have been injured during a repossession attempt by Southern. The trial court determined that American Bankers did not owe a duty to provide coverage or defend Southern in the underlying claim. We affirm in part and reverse in part.
On January 26, 1990, Southern sent a driver and tow truck to Russell Foote's home address with a repossession order for alleged nonpayment on Foote's truck. Foote claimed he was injured when an employee of Southern drove a tow truck into his driveway, and pinned him between the pick-up truck and the tow truck. Subsequently, Foote sued Southern in a two-count complaint, alleging theories of negligence and negligent hiring and supervision.
At the time this incident occurred, Southern had in effect a policy of insurance, issued by American Bankers, which provided comprehensive general liability coverage for death, bodily injury, and personal injury, subject to the following exclusion:
This insurance does not apply: ... (b) to bodily injury or property damage arising out of the ownership, maintenance, operation use, loading or unloading of (1) any automobile or aircraft owned or operated by ... any insured, or (2) any other automobile[1] or aircraft operated by any person in the course of his employment by any insured.
Southern procured this insurance to meet the licensing requirements of section 493.6110, Florida Statutes (Supp.1990), which states, in pertinent part:
No agency license shall be issued unless the applicant first files with the department a certification of insurance evidencing coverage as delineated below.... Coverage shall be written by an insurance company which is lawfully engaged to provide insurance coverage in Florida. Coverage shall provide for a combined singlelimit policy in the amount of at least $300,000, which policy shall include comprehensive general liability coverage for death, bodily injury, property damage, and personal injury coverage including false arrest, detention or imprisonment, malicious prosecution, libel, slander, defamation of character, and violation of the right of privacy....
§ 493.6110, Fla. Stat. (Supp.1990).[2]
After Southern sought to have American Bankers provide coverage and defend it on Foote's claims, American Bankers filed a declaratory action, seeking to determine whether the subject policy provided coverage for Foote's claims, in light of the exclusion language quoted above, and whether American Bankers had a duty to defend Southern in that action. In granting American Bankers' motion for summary judgment, the trial court answered both these questions in the negative.
Southern first argues that the subject policy's exclusions for automobile-related injuries are void as a matter of law. Because section 493.6110 requires it to obtain general liability coverage for its business, which, as both parties concede, mostly involves the operation of tow trucks and automobiles, Southern argues that American Bankers is required to provide coverage for and defend it on both counts of Foote's claim. We disagree as to the negligence count.
Although section 493.6110 is not artfully drafted, it does not expressly require an insurer to provide comprehensive automobile coverage for its insured. Rather, it places the duty on companies such as Southern to make sure they have obtained such coverage. As such, nothing in the statute precluded American Bankers from placing the type of exclusions in the general liability policy as below. Since the policy clearly excludes coverage for accidents arising from the operation of a tow truck, we agree that American *287 Bankers has no liability to Southern on the negligence count of the underlying complaint. Southern simply cannot create coverage where the policy provides no coverage in the first place. Lassiter Constr. Co. v. American States Ins. Co., 699 So.2d 768, 770 (Fla. 4th DCA 1997).
We believe, however, that American Bankers did owe a duty to defend Southern on the negligent hiring and supervision count of the complaint. An insurance company's duty to defend is determined solely by the allegations in the complaint against the insured. Smith v. General Accident Ins. Co. of America, 641 So.2d 123, 124 (Fla. 4th DCA 1994). Foote alleged that Southern's conduct in negligently hiring the employee, who drove the tow truck in question, arose out of the ownership, maintenance, or operation of its business. Since these allegations state facts bringing Foote's injuries within the policy's coverage, American Bankers must defend Southern on this count regardless of whether Foote may ultimately prevail. Id. Accordingly, we reverse American Bankers' summary judgment as to this point, and remand for the trial court to enter it in favor of Southern.
AFFIRMED in part; REVERSED in part.
TAYLOR, J., and FRUSCIANTE, JOHN A., Associate Judge, concur.
NOTES
[1] It is undisputed that Southern's tow truck falls under the policy's definition of "automobile."
[2] It is undisputed that Southern is required to comply with the licensing requirements of Chapter 493.