Reginald WRIGHT, Sr., and Teresa Jones, as parents of Reginald Wright, Jr., and Joseph Wright, Deceased, et al., Appellant–Defendant,

v.

AMERICAN STATES INSURANCE CO., Appellee–Plaintiff.

No. 45A03–0103–CV–85.

Court of Appeals of Indiana.

April 2, 2002.

William K. McVisk, Johnson & Bell, Ltd., Chicago, IL, Attorney for Appellant.

Kenneth J. Allen, Kenneth J. Allen & Associates, P.C., Valparaiso, IN, Attorney for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Appellants–Defendants Reginald Wright, Sr. and Teresa Jones (collectively "Parents") appeal from the trial court's order granting summary judgment in favor of Appellee Plaintiff American States Insurance Co. ("ASI").

We affirm.

## ISSUE

The following restated issue is presented in this appeal: whether the trial court properly held that the exclusion for claims resulting from vehicular accidents contained in ASI's policy with its insured, Nurseryland Foundation, Inc. ("Nurseryland"), removed any duty to defend or indemnify Nurseryland for liability alleged by Parents against Nurseryland.

## FACTS AND PROCEDURAL HISTORY

On June 25, 1998, a van owned by Nurseryland, and operated by Nurseryland employee, Sherwood C. Harris ("Harris"), was involved in a collision. The Parents' two children, Reginald Wright, Jr. ("Reggie") and Joseph Wright ("Jo Jo"), were occupants of the van at the time of the collision. Reggie was injured in the accident, and Jo Jo died as a result of his injuries. The Parents sued Nurseryland and Harris, among others, alleging a breach on Nurseryland's part of its duty to the Parents, Reggie and Jo Jo, and detailing their allegations of negligence on Nurseryland and Harris' part.

Nurseryland had purchased a commercial general liability insurance policy from ASI. On March 24, 1999, ASI initiated the instant declaratory judgment action asking the trial court to determine whether ASI had a duty to indemnify or defend Nurseryland in the action brought by the Parents.[1] On December 23, 1999, ASI filed its motion for summary judgment. The Parents filed a cross-motion for summary judgment on January 24, 2000. On September 29, 2000, the trial court granted ASI's motion and denied the Parents' motion. On October 30, 2000, the Parents filed a Motion to Correct Error. On No-

vember 30, 2000, the trial court denied the Parents' motion. This appeal ensued.

## DISCUSSION AND DECISION
## STANDARD OF REVIEW

Upon review of an order entering summary judgment, this court applies the same standard as the trial court. *Burkett v. American Family Ins. Group,* 737 N.E.2d 447, 451 (Ind.Ct.App.2000). Summary judgment is appropriate where the evidentiary matter designated to the trial court shows both that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.* at 451–52. We will affirm on appeal a trial court's order granting summary judgment if it is sustainable under any theory or basis found in the evidentiary matter designated to the trial court. *Id.* at 452. Additionally, when material facts are not in dispute, our review is limited to the determination of whether the trial court correctly applied the law to the undisputed facts.

When the material facts are undisputed with regard to a motion for summary judgment and the question presented is a pure question of law, we review the matter de novo. *Id.* Accordingly, because the interpretation of a contract is a matter of law, cases involving the interpretation of insurance contracts are particularly appropriate for summary judgment. *Id.*

Moreover, provisions of insurance contracts are subject to the same rules of construction as other contracts. *Id.* We interpret an insurance policy with the goal of ascertaining and enforcing the parties' intent as revealed by the insurance contract. *Id.* In accomplishing that goal we must construe the insurance policy as a

---

1. Nurseryland filed with the trial court a document captioned "Verified Notice of No Issue of Material Fact." (Appellee's App. 1). In that document Nurseryland conceded that ASI's policy excluded coverage for claims resulting from vehicular accidents. *Id.*

whole, rather than considering individual words, phrases, or paragraphs. *Id.* If the contract language is clear and unambiguous, it should be given its plain and ordinary meaning. *Id.*

Additionally, we must accept an interpretation of the contract language that harmonizes the provision rather than one which supports a conflicting version of the provisions. *Id.* Policy terms are interpreted from the perspective of an ordinary policyholder of average intelligence. *Id.* If reasonably intelligent persons honestly may differ as to the meaning of the policy language, the policy is ambiguous. *Id.* However, an ambiguity does not exist merely because the parties proffer differing interpretations of the policy language. *Id.*

In her order granting ASI's motion for summary judgment and denying the Parents' cross-motion for summary judgment, the trial judge construed the insurance policy at issue from a neutral stance. (Appellant's App. at 307–08). The Parents argue that the trial court erred and should have construed the policy from a stance favoring coverage. ASI contends that the trial court used the correct standard.

We previously have held that the rule requiring a court to construe a policy in favor of coverage applied only in disputes between the insurer and the insured. *See id.* at 453. The factor distinguishing cases in which courts apply a neutral stance from cases in which courts construe the policy language strictly against the insurer appears to be that the party that was seeking to benefit from a particular interpretation of the insurance contract was not a party to the contract. *Id.*

This matter clearly involves a dispute between an insurer and the Parents, who were not party to the insurance contract.

Therefore, the trial court was correct in choosing to interpret the policy language from a neutral stance.

## ASI'S AUTO–USE EXCLUSION

At issue in the present case is the language contained in the policy Nurseryland purchased from ASI. Those provisions read as follows:

### SECTION I—COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIMIT

1.  Insuring Agreement

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any suit seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . .

\* \* \*

b.  This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

c.  Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

2.  Exclusions

    This insurance does not apply to:

* * *

g.   Aircraft, Auto, or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.   Use includes operation and "loading or unloading".

* * *

(Appellant's App. 250–52).

SECTION V—DEFINITIONS

* * *

4.   "Coverage territory" means:

a.   The United States of America (including its territories and possessions), Puerto Rico and Canada;

* * *

12.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(Appellant's App. 260–262).

In *New Hampshire Insurance Company v. Jefferson Insurance Company of New York*, 213 A.D.2d 325, 327, 624 N.Y.S.2d 392 (N.Y.App.Div.1995), the supreme court of New York found that an exclusion clause nearly identical to the exclusion clause in the case at bar was clear and unambiguous.   Likewise, the supreme court of Colorado, in a negligent entrustment case, found that an exclusion clause using similar language was not ambiguous and construed the clause according to its ordinary meaning to exclude coverage. *See Northern Insurance Company of New York v. Ekstrom*, 784 P.2d 320, 324 (Colo. 1989).   In *Southern Adjustment Services, Inc. v. American Bankers Insurance Company of Florida*, 723 So.2d 285, 286–86 (Fla.Dist.Ct.App.1999), the Florida district

court of appeal examined an exclusion clause similarly worded to the clause in the case at bar and found that the policy clearly excluded coverage for accidents arising out of the operation of an automobile.

▪   We are persuaded by these cases and hold that the exclusion clause in question is not ambiguous.   Since the exclusion is unambiguous it should be given its plain and ordinary meaning. *Meridian Mutual Ins. Co. v. Auto–Owners Ins. Co.*, 698 N.E.2d 770, 773 (Ind.1998).   Therefore, it is unnecessary to invoke other rules of insurance contract construction. *Pennington v. American Family Ins. Group*, 626 N.E.2d 461, 463–64 (Ind.App.1993).   The only issue for review is the application of the insurance contract terms to the undisputed facts. *Id.* at 465.   Further, an unambiguous exclusionary clause is ordinarily entitled to enforcement. *See American Family Life Assur. Co. v. Russell*, 700 N.E.2d 1174, 1177 (Ind.Ct.App.1998).

The majority of the allegations in the Parents' complaint clearly focus on the use of Nurseryland's van and the injuries Reggie and Jo Jo sustained from the accident. In fact, the Parents appear to concede that many of their claims, as they relate to the use of an automobile, are excluded by Nurseryland's policy with ASI. (Appellant's Br. at 7).   In *Franz v. State Farm Fire & Cas., Co.*, 754 N.E.2d 978, 980–81(Ind.Ct.App.2001), a panel of this court determined that an identically worded clause excluded coverage for bodily injury sustained during a bus pulling contest because the bus was being "used" for purposes of the insurance policy's exclusion. We hold that exclusion clause 2g of ASI's policy excludes coverage for the Parents' claims that relate to the use of the auto.

▪   Parents maintain that the remaining part of their complaint is covered by ASI's policy.   This part of the complaint

alleges that Nurseryland breached its duty and was negligent by failing to investigate Harris' driving record and by employing an incompetent driver with a suspended license. Therefore, we turn to Parents' assertion that the trial court erred by granting ASI's motion for summary judgment.

■ The insurer's duty to defend is determined from the allegations of the complaint coupled with those facts known to or ascertainable by the insurer after reasonable investigation. *Trisler v. Indiana Ins. Co.,* 575 N.E.2d 1021, 1023 (Ind.Ct.App.1991). Parents cite to several cases to support their contention that the remaining claims are within the coverage provided by ASI's insurance policy. We will examine them in turn.

In *U.S.F. & G. v. State Farm Mutual Automobile Ins. Co.,* 107 Ill.App.3d 190, 63 Ill.Dec. 14, 437 N.E.2d 663 (1982), U.S.F. & G. brought a declaratory judgment action to determine whether it owed a duty to defend a daycare center for personal injuries suffered by children who fell or were thrown from an automobile. The Illinois Court of Appeals held that because the complaint alleged negligent acts potentially within the coverage of the policy, for example, failure to adequately supervise the children and negligent operation of the daycare center, U.S.F. & G. had a duty to defend the daycare center. *Id.* at 666.

However, in *Northbrook Property and Casualty Co. v. Transportation Joint Agreement,* 194 Ill.2d 96, 251 Ill.Dec. 659, 741 N.E.2d 253 (2000)[2], the supreme court of Illinois considered a claim involving injuries that occurred to several students who were injured during a bus ride. The commercial general liability policy in that case contained an exclusion clause identical to the one in ASI's policy. The plaintiffs claimed that the school districts inadequately planned and inspected bus routes and failed to warn bus drivers of potential hazards, among other things. The supreme court held that the students' complaints failed to allege "that the injuries arose from events 'wholly independent of any negligent operation of the bus.'" *Id.* at 254. The court stated that the above allegations were "nothing more than rephrasings of the fact that the students' injuries arose from the school districts' use or operation of a motor vehicle." *Id.* Although the Illinois Supreme Court did not address *U.S.F. & G.* in its opinion, *Northbrook* is an opinion written by the highest court in Illinois on the issue at hand.

*Southern Adjustment Services, Inc. v. American Bankers Ins. Co.,* 723 So.2d 285 (Fla.Dist.Ct.App.1999), is a case involving very similar exclusion language. In that matter a third party was physically injured when a tow truck operator attempted to repossess a pick-up truck. The third party sued the tow truck operator's employer alleging negligence and negligent hiring and supervision. The Fourth District of the Florida District Court of Appeal held that since the policy clearly excluded coverage for accidents arising from the operation of the tow truck, there was no liability under the comprehensive general liability policy for the count of the complaint alleging negligence. *Id.* at 286–87. However, the court further held that American Bankers had a duty to defend regarding the negligent hiring and supervision count since those allegations potentially could be within policy coverage. *Id.* at 287.

**2.** Parents cited to *Northbrook Property and Casualty Insurance Company v. Transportation Joint Agreement,* 309 Ill.App.3d 261, 242 Ill.Dec. 791, 722 N.E.2d 280 (1999). However, the Illinois Supreme Court reversed that opinion. Therefore, we have cited to the supreme court opinion.

However, the *Southern Adjustment* opinion is not dispositive of the law in Florida. Other Florida cases support the conclusion which we reach in this case. For example, in a per curiam decision, the Second District of the Florida District Court of Appeals held that summary judgment in favor of the insurance company was proper in an action to determine whether there was any general liability insurance coverage for personal injury resulting from an accident caused by a school bus being driven by a school mechanic. The policy contained an auto-use exclusion. The injured person alleged that the school board was negligent in its hiring and supervision of the school mechanic and that those acts were independent, originating acts in a chain of events leading up to the collision causing plaintiff's injuries. Therefore, the plaintiff argued that coverage obtained. The court disagreed and found that the plaintiff's injuries resulted from the use of the vehicle, and that the auto-use exclusion applied to exclude coverage. *See Cesarini v. American Druggist Ins. Co.*, 463 So.2d 451, 452 (Fla.Dist. Ct.App.1985).

In addition, the Fifth District of the Florida District Court of Appeals held that an auto-use exclusion clause precluded coverage in a situation where a carpet delivery person was injured when a roll of carpet was being unloaded. *See Hagen v. Aetna Casualty and Surety Company*, 675 So.2d 963, 968 (Fla.Dist.Ct.App.1996). The roll of carpet was unloaded from the delivery truck by attaching one end of a rope to the roll of carpet and the other end of the rope to the bumper of a van owned by the insured. In that case, the delivery person was unable to move out of the way before the roll of carpet, while being unloaded, knocked him down and fell on him. The court held that the legal cause of the injury was the negligent use of the vehicle. *Id.* The auto-use exclusion clearly excluded injuries arising out of the use of a vehicle. *Id.* at 966.

In *Gargano v. Liberty Mutual Insurance Company*, 384 So.2d 220 (Fla.Dist.Ct. App.1980), the plaintiff claimed that negligent entrustment of a vehicle to a minor child was an independent act of negligence falling within the policy coverage. The Third District held that any negligent entrustment arose out of the ownership, operation or use of the vehicle within the meaning of the auto-use exclusion of the homeowner's policy. *Id.* at 220–21.

In *American Surety & Casualty Co. v. Lake Jackson Pizza, Inc.*, 788 So.2d 1096 (Fla.Dist.Ct.App.2001), the First District held that an auto-use exclusion relieved the insurer of any duty to defend. An employee of the insured was involved in a collision while returning from delivering a pizza. An occupant of the other vehicle involved in the collision was severely injured. Among the allegations in the complaint was that Lake Jackson Pizza was negligent in hiring, supervising and training the employee. The First District held that there was no duty to defend because the injuries suffered arose out of the ownership, maintenance, or use of an automobile. *Id.* at 1099–1100.

We are persuaded by the reasoning in the following cases. In *Travelers Indemnity Co. v. Citgo Petroleum*, 166 F.3d 761 (5th Cir.1999), the driver of a truck carrying petroleum for Citgo, among other companies, allegedly ran a red light at an intersection and collided with an automobile. The driver of the truck, as well as the driver of the automobile, was killed. The survivors of the automobile driver sued the truck driver's employer. The comprehensive general liability policy contained an exclusion clause containing language identical to that in the case at bar. The court affirmed the decision that cover-

age was excluded under the policy's auto-use exclusion because, "there can be no doubt that but for the negligent driving of the truck, there would be no lawsuit. The plaintiffs in the underlying lawsuit are not complaining that Citgo's alleged negligence (continuing to do business with a company known to disregard safety concerns) was a separate or independent proximate cause of the harm ..." *Id.* at 771.

In *New Hampshire Ins. Co. v. Jefferson Insurance Co. of New York*, 213 A.D.2d 325, 624 N.Y.S.2d 392 (N.Y.App.Div.1995), the plaintiff in the underlying negligence action sustained physical injuries when he was struck by a vehicle owned by a camp and driven by a camp employee. At issue in the declaratory judgment action was whether coverage was excluded by a clause in the general liability policy issued by Jefferson. The court noted that "whatever theory of liability the resourceful attorney may fashion from the circumstances of a client struck by an automobile, it remains that the immediate and efficient cause of the injury is, in fact, the automobile." *Id.* at 327, 624 N.Y.S.2d 392. The court found that the auto-use exclusion applied to the circumstances, thereby excluding coverage. "[A]bsent the injury resulting from the operation of the camp's automobile by its employee, [the plaintiff] would have no claim against [the camp]." *Id.* at 329, 624 N.Y.S.2d 392.

In the case at bar, we agree with the trial court that the efficient and predominating cause of the injuries was Harris' use of the van. Without the use of the van, there would be no lawsuit. Parents' are not alleging that Nurseryland's failure to investigate Harris' driving record, or its employment of an incompetent driver with a suspended license was a separate or independent proximate cause of the harm. The immediate and efficient cause of Reg-

gie and Jo Jo's injuries and the Parents' claims arising from those injuries is Harris' use of the automobile.

The Parents argue in their reply brief that reliance upon the language of *Indiana Lumbermens Mutual Insurance Co. v. Statesman Ins. Co.*, 260 Ind. 32, 291 N.E.2d 897 (1973), is misplaced because that case preceded Indiana's adoption of comparative fault. However, as recently as in *Franz*, 754 N.E.2d at 981, we have used the language "efficient and predominating cause" in analyzing auto-use exclusion provisions.

Therefore, the trial court did not err by entering a summary judgment order in favor of ASI. ASI did not have a duty to defend or indemnify Nurseryland as to this complaint.

## CONCLUSION

The trial court did not err by entering its order granting summary judgment in favor of ASI. ASI's auto-use exclusion clause was clear and unambiguous. Furthermore, the auto-use exclusion clause excluded coverage for the injuries alleged in Parents' complaint.

Affirmed.

BAILEY, J., and MATTINGLY–MAY, J., concur.