**Julie McCOY, Janice Buckholtz, and Jessica Buckholtz, Appellants–Defendants,**

**v.**

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellee–Plaintiff.**

No. 16A01–0804–CV–174.

Court of Appeals of Indiana.

Dec. 30, 2008.

Transfer Denied April 2, 2009.

Darron S. Stewart, David W. Stewart, Stewart & Stewart, Indianapolis, IN, Attorneys for Appellants.

Linda Y. Hammel, Yarling & Robinson, Indianapolis, IN, Attorney for Appellee.

**OPINION**

MAY, Judge.

Janice Buckholtz and her daughter Jessica Buckholtz obtained a judgment against Julie McCoy, who had a homeowners policy issued by American Family

Mutual Insurance Company. American Family sought a declaratory judgment that it did not have to satisfy the judgment. The trial court granted summary judgment for American Family, and we affirm.[1]

## FACTS AND PROCEDURAL HISTORY

In May 1999, Kevin Shoemaker was dating McCoy, and he lived at her residence. He owned two ATVs, which were stored on McCoy's property. McCoy and her children were permitted to use the ATVs.

On May 16, 1999, Jessica went to McCoy's home to visit McCoy's daughter. That day, McCoy's children, Shoemaker's children, Jessica, and some children from the neighborhood were at McCoy's house. McCoy left to go to Wal–Mart, and Shoemaker remained with the children. When McCoy left, some of the children were riding the ATVs, and McCoy knew Jessica might take a turn. While she was away, Jessica was injured in an accident involving an ATV.

At the time of the accident, McCoy had a homeowners insurance policy through American Family. Within thirty days of the accident, McCoy had two conversations with her insurance agent, Kevin Snyder. Snyder told her the accident was not covered, took no further action, and did not direct McCoy to take any further action.

On May 14, 2001, Janice, individually and as Jessica's parent, filed suit against McCoy and Shoemaker. Believing American Family would not provide her any assistance, McCoy did not notify Snyder or American Family of the lawsuit. A default judgment was entered against McCoy on October 3, 2001. Thereafter, McCoy filed for bankruptcy, and her debt to the Buckholtzes was discharged in February 2002.

American Family received notice of the lawsuit on January 30, 2004, when the Buckholtzes served American Family with a non-party request for production. On May 13, 2004, the trial court awarded $112,101.06 in damages to the Buckholtzes.

On March 7, 2005, American Family filed a complaint for declaratory judgment, naming McCoy and the Buckholtzes as defendants. American Family asked the court to declare American Family did not provide coverage for the accident, had no obligation to defend McCoy, had no obligation to compromise or settle the litigation against her, and had no obligation to satisfy a judgment for the Buckholtzes. The Buckholtzes and American Family both moved for summary judgment. American Family argued the ATV accident fell within the vehicle exclusion of McCoy's policy and McCoy had not given timely notice of the litigation. The trial court granted American Family's motion and denied the Buckholtzes' motion.

## DISCUSSION AND DECISION

In reviewing summary judgment, we apply the same standard as the trial court. *Wright v. Am. States Ins. Co.*, 765 N.E.2d 690, 692 (Ind.Ct.App.2002). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). "Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the non-moving party," here, the Buckholtzes. *Sanchez v. Hamara*, 534 N.E.2d 756, 757 (Ind.Ct.App.1989), *trans. denied.* We affirm summary judgment on any legal basis supported by the designated evidence. *Cincinnati Ins. Co. v. Davis*, 860 N.E.2d 915, 922 (Ind.Ct.App.2007). The appellant bears the burden of persuading us summary judgment was erroneous. *Id.* The fact that both parties moved for summary judgment does not alter our standard of review; we consider each motion separate-

---

1.  McCoy was named as a defendant but is not     involved in this appeal.

ly to determine whether the moving party is entitled to judgment as a matter of law. *Steuben County v. Family Development, Ltd.,* 753 N.E.2d 693, 699 (Ind.Ct.App. 2001), *reh'g denied, trans. denied.*

The Buckholtzes raise several issues, but we find one dispositive: whether the accident is within the coverage of McCoy's policy. It is not.

■ Interpretation of an insurance policy is a question of law. *Tate v. Secura Ins.,* 587 N.E.2d 665, 668 (Ind.1992). If the language of the policy is clear and unambiguous, it should be given its plain and ordinary meaning. *Id.* A policy is not ambiguous simply because there is a controversy concerning its interpretation. *Allstate Ins. Co. v. Kepchar,* 592 N.E.2d 694, 697 (Ind.Ct.App.1992), *trans. denied.*

■ McCoy's personal liability coverage excludes "bodily injury or property damage arising out of the ownership, supervision, entrustment, maintenance, operation, use, loading or unloading of any type of motor vehicle, motorized land conveyance or trailer." (Appellants' App. at 167.) There are exceptions to that exclusion, and the Buckholtzes argue the third exception applies:

> **We** will provide specific coverage on only the following types [of vehicles] owned or operated or rented or loaned to any **insured:**
>
> \* \* \* \* \*
>
> (3) a motorized land conveyance including a motorized bicycle, tricycle or similar type of equipment designed principally for recreational use off public roads, which is not subject to motor vehicle registration and is:
>
>> (a) not owned or leased by an **insured;** or

>> (b) owned or leased by an **insured** and while on the **insured premises**[.]

(*Id.*) (emphasis in original).

The parties agree that McCoy did not own or rent the ATV and she was not operating it at the time of the accident. The Buckholtzes argue the ATV was on loan to McCoy, because it was kept on her property and it was available for her and her children to ride whenever they wished. The ATVs were on the property because Shoemaker resided there, not because they were always on loan to McCoy. Shoemaker might have authorized McCoy to give others permission to ride the ATVs; however, it is undisputed that McCoy was not present while Jessica was riding the ATV. Shoemaker was present, and he presumably could have overridden any permission extended by McCoy.

A "loan" is "the grant of temporary use." Merriam–Webster OnLine, www.merriam-webster.com/dictionary/loan (last visited Oct. 10, 2008). Shoemaker owned the ATVs, and he was the only one directing the use of the ATVs at the time of the accident. Shoemaker granted temporary use of the ATV to Jessica, and we agree with American Family that the ATV was on loan to Jessica rather than McCoy.[2] Because McCoy did not own, operate, rent, or loan the ATV, the accident falls within the vehicle exclusion, and the trial court did not err by granting summary judgment for American Family.

Affirmed.

ROBB, J., and FRIEDLANDER, J., concur.

---

**2.** Neither party addresses whether Jessica is an "insured" in the meaning of McCoy's poli- cy.