NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 21, 2015
Decided July 29, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-3699

| | |
|---|---|
| NATIONAL AMERICAN INSURANCE COMPANY and STATE NATIONAL INSURANCE COMPANY, <br> *Plaintiffs-Appellants*, <br><br> *v.* <br><br> HARLEYSVILLE LAKE STATES INSURANCE COMPANY, <br> *Defendant-Appellee*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 13 CV 1297 <br><br> William T. Lawrence, <br> *Judge*. |

**O R D E R**

Robert Harden sued Venture Logistics, Inc. ("Venture") and Trevell LaSha Parker, a tractor-trailer driver for Venture, for injuries he sustained when Parker prematurely drove away from a dock with Harden inside the trailer. State National Insurance Company, through National American Insurance Company ("NAICO"), and Harleysville Lake State Insurance Company ("Harleysville") insured Venture at the time

of the accident. After NAICO settled with Harden for $800,000, NAICO and State National filed an action against Harleysville seeking a declaration that coverage for the Harden suit was excluded under the State National policy and covered by the Harleysville policy. The suit also sought subrogation or contribution from Harleysville. Both parties moved for summary judgment. The district court denied NAICO and State National's motion for summary judgment and granted Harleysville's motion, finding that the State National policy provided coverage and that the Harleysville policy did not provide coverage. We agree and, therefore, affirm.

## I.  BACKGROUND

Venture is a trucking company. Indy Powder Coating is a Venture customer. On February 9, 2009, Parker, a Venture truck driver, went to Indy Powder to deliver goods. Harden, a forklift operator for Indy Powder, unloaded the skids with a forklift from the Venture tractor-trailer. The job required Harden to drive a forklift into the tractor-trailer to unload the skids. Parker remained in the driver's seat while Harden unloaded. After Harden unloaded a few skids, Parker asked if Harden was finished. Harden said "no." Thereafter a forklift horn sounded, the signal indicating that unloading was complete, and Parker began to drive away with Harden inside the trailer.

Worried that the forklift would slide out of the trailer, Harden took off his seat belt, engaged the emergency brake, and jumped off the forklift. He ran to the end of the trailer and waved his hand out of the back of the trailer to get Parker's attention in the side view mirror of the tractor-trailer. The forklift slid down the trailer and pinned Harden against the wall. He managed to get one leg free, but partially fell out of the trailer. Another truck driver sounded his horn and was able to get Parker to stop her forward motion. Harden sustained serious injuries from being pinned against the tractor-trailer wall by the forklift. Harden filed a lawsuit against Venture.

At the time of the accident, Harleysville and State National insured Venture. On February 11, 2009, Venture reported the accident to NAICO, who was responsible for handling State National's claims. NAICO defended Venture without reservation under the State National-issued Commercial Truckers Coverage Policy until late 2012. At that time, NAICO realized that an exclusion may apply to the claim because NAICO had another claim involving a forklift that dealt with the same exclusion. On November 30, 2012, NAICO notified Harleysville that it may have liability for the accident. Harleysville denied coverage for the accident pursuant to an exclusion in the Commercial Lines Policy it issued to Venture. On May 25, 2013, NAICO settled the Harden lawsuit on behalf of Venture for $800,000.

On August 15, 2013, NAICO and State National filed the underlying suit against Harleysville seeking two declarations: (1) that coverage for the Harden accident was excluded under the State National policy, and (2) that stated that coverage for the suit was covered under the Harleysville policy. In the remaining counts, NAICO and State National sought subrogation as well as contribution.

The parties filed cross-motions for summary judgment. The district court granted Harleysville's motion and denied NAICO and State National's motion finding that the State National policy covered the accident, while the Harleysville policy did not cover the accident. The district court also found that since Harleysville's policy did not provide coverage, Harleysville had no duty of subrogation or contribution. NAICO and State National appeal.

## II.    ANALYSIS

We review the district court's grant of summary judgment as well as its construction of the insurance policy de novo. *Auto-Owners Ins. Co. v. Monroe*, 614 F.3d 322, 324 (7th Cir. 2010). The parties agree that Indiana law governs the interpretation of each policy's language. Under Indiana law, "if a contract is clear and unambiguous, the language therein must be given its plain meaning." *Beam v. Wausau Ins. Co.*, 765 N.E.2d 524, 528 (Ind. 2002). The court will find contract language ambiguous only if reasonable people "could honestly differ as to the meaning of the policy language." *Fed. Ins. Co. v. Stroh Brewing Co.*, 127 F.3d 563, 567 (7th Cir. 1997).

We must first review the policy language. The State National Policy provides, in pertinent part:

**SECTION II – LIABILITY COVERAGE**

**A.    Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

….

We have the right and duty to defend any "insured" against a "suit" asking for damages.

….

**B.    Exclusions**

This insurance does not apply to any of the following.

….

**8.  The Movement Of Property By Mechanical Device**

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto."

The Harleysville policy provides, in pertinent part:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

….

**2.  Exclusions**

This insurance does not apply to:

….

**g.  Aircraft, Auto, Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading."

The Harleysville policy provides the following definition:

"Loading or unloading" means the handling of property:

….

[L]oading or unloading does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto."

NAICO and State National argue that the Harleysville policy excludes coverage for bodily injury that arises out of the use of a tractor-trailer, unless the injury occurs while an individual loads and unloads property from the tractor-trailer by a mechanical device, like a forklift, not attached to the tractor-trailer. They assert that the State National policy excludes coverage for bodily injury that arises from the use of a forklift while loading or unloading a tractor-trailer. They contend that Harden's injuries arose from his use of the forklift while loading and unloading skids from the tractor-trailer. So, they conclude, the Harleysville policy, not the State National policy, provides coverage for Harden's accident. Alternatively, they argue that the relevant Harleysville policy language is ambiguous and there is a genuine dispute of material fact regarding the cause of the accident.

The relevant policy language is not ambiguous. The State National policy provides coverage if bodily injury arises from an individual using, i.e. driving, a covered auto and excludes coverage if bodily injury was caused by moving property from the covered auto by a device such as a forklift. The Harleysville policy provides coverage for damages for bodily injury to which the insurance applies and excludes coverage if bodily injury arises from the operation or the loading and unloading of a covered auto. However, there is an exception to this exclusion, and the Harleysville policy provides coverage if bodily injury was caused by moving property from the covered auto by a device such as a forklift. Therefore, as the district court noted, the case comes down to whether Harden's injuries were caused by his use of the forklift or by Parker driving away from the dock.

The "arising out of" language in an insurance contract is construed as a causation requirement. *See Westfield Ins. Co. v. Herbert*, 110 F.3d 24, 26 (7th Cir. 1997). To determine the cause of a party's injuries in an insurance case, Indiana looks at the efficient and predominating cause. *Id*. The efficient and predominating cause is that which sets in motion the chain of circumstances leading up to the injury. *Id.*

The underlying facts are not in dispute. The forklift horn signals the driver of the tractor-trailer to pull away from the dock. A forklift horn rang, and Parker began to drive away from the dock. (Harleysville neither asserts nor disputes these facts.) Then, Harden honked his horn after he felt the trailer move. Next, Harden got off the forklift and ran to the back of the trailer. He began waving his hands to get Parker's attention. The forklift subsequently slid to the back of the trailer pinning Harden against the trailer wall. Harden managed to get one leg free, but he partially fell out of the tractor-trailer. Parker eventually stopped, but Harden was already seriously injured.

The undisputed facts show that Parker's action of pulling the tractor-trailer away from the dock caused Harden's injuries. There would be no injury if Parker had not driven off with Harden still on the tractor-trailer. There are no facts to indicate that the injury occurred when property was being moved. Both parties acknowledged that Harden was no longer unloading when he was injured. Therefore, the Harleysville policy excludes coverage for the accident. Despite NAICO and State National's arguments, Harden's use of the forklift before the accident is not the proper reference point for determining the cause of the accident. *See Franz v. State Farm Fire & Cas. Co.*, 754 N.E.2d 978, 981 (Ind. Ct. App. 2001) (holding plaintiff's son's injury was caused by the bus driver's failure to steer away from him or engage breaks, not the injured boy's efforts to pull the bus with a rope as part of an annual "bus pull" competition); *Sharp v. Ind. Union Mut. Ins. Co.*, 526 N.E.2d 237, 240 (Ind. Ct. App. 1988) (finding the driver's operation of a motor vehicle, not the driver's two-day alcohol binge prior to driving, was the cause of the accident).

NAICO and State National's remaining arguments warrant little discussion, as there is no genuine dispute of material fact, and as stated above, we find that the policy language is not ambiguous.

### III. CONCLUSION

The judgment of the district court is AFFIRMED.